assumption falls with it in so far as the vendee is concerned. I cannot see that any further allowance for fees than that contracted with the title company would be justifiable, and beyond that amount no further allowance will be granted. Judgment for defendant accordingly.

Judgment accordingly.

---

HUESTIS v. PRUDENTIAL LIFE INS. CO. OF AMERICA et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

INSURANCE—ASSIGNMENT OF POLICY.

A life insurance policy was payable to the executors, administrators, or assigns of the insured. A paper found in the desk of the insured after his death directed the insurance company to pay the amount of the policy to H. if he survived the insured. There was no evidence that this paper or the policy was ever delivered to H. *Held*, there was no assignment of the policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 480.]

Appeal from Municipal Court of New York.

Action by Mary Huestis, administratrix of the estate of William H. Huestis, against the Prudential Life Insurance Company of America, in which Matthew Wood, as receiver of Frank Henderson, was impleaded. From a judgment for the impleaded defendant, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Neu & Gilchrist, for appellant.

Cromwell G. Macy, for respondent.

GAYNOR, J. Judgment should have been given for the plaintiff, for there was no evidence to support the claim of the impleaded defendant, the receiver of Henderson, that the policy was assigned to Henderson by the deceased. The policy is by its terms payable to the "executors, administrators or assigns of the insured." The paper produced to prove the assignment was found in the desk of the deceased after his death. There was no evidence that it or the policy was ever delivered to Henderson. Nor was it an assignment of the policy; it was only a direction of the deceased to the insurance company to pay the amount of the policy to Henderson if he should survive him.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.